1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  300 South First Street, Ste. 342
   San Jose, California 95113
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: service@moorelawfirm.com

5  Attorneys for Plaintiff
   Raymon Sellers
6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

| | | |
|---|---|---|
| 11 | RAYMON SELLERS, | ) No. |
| 12 | Plaintiff, | ) **COMPLAINT ASSERTING DENIAL OF** |
| 13 | vs. | ) **RIGHT OF ACCESS UNDER THE** ) **AMERICANS WITH DISABILITIES ACT** |
| 14 | WESTERN DENTAL SERVICES, INC. dba | ) **FOR INJUNCTIVE RELIEF, DAMAGES,** ) **ATTORNEYS' FEES AND COSTS (ADA)** |
| 15 | WESTERN DENTAL; ROIC CALIFORNIA, LLC, | ) |
| 16 | Defendants. | ) |
| 17 | | ) |

18

19                       **I. SUMMARY**

20          1.      This is a civil rights action by plaintiff RAYMON SELLERS ("Plaintiff") for

21  discrimination at the building, structure, facility, complex, property, land, development, and/or

22  surrounding business complex known as:

23          Western Dental
            10321 Folsom Boulevard
24          Rancho Cordova, California 95670
            (hereafter "the Facility")
25

26          2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

27  costs, against WESTERN DENTAL SERVICES, INC. dba WESTERN DENTAL and ROIC

28  CALIFORNIA, LLC (hereinafter collectively referred to as "Defendants"), pursuant to Title III

1    of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and

2    related California statutes.

## II.    JURISDICTION

4    3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

5    claims.

6    4.    Supplemental jurisdiction for claims brought under parallel California law –

7    arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

8    5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

10    6.    All actions complained of herein take place within the jurisdiction of the United

11    States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

12    § 1391(b), (c).

## IV.    PARTIES

14    7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or

15    persons), firm, and/or corporation.

16    8.    Plaintiff is substantially limited in his ability to walk, and must use a wheelchair

17    for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable

18    California and United States laws, and a member of the public whose rights are protected by

19    these laws.

## V.    FACTS

21    9.    The Facility is open to the public, intended for non-residential use, and its

22    operation affects commerce. The Facility is therefore a public accommodation as defined by

23    applicable state and federal laws.

24    10.    Plaintiff lives less than ten miles from the Facility and visited the Facility on or

25    about March 6, 2019 to have dental work after being referred there by his insurance company.

26    During his visit to the Facility, Plaintiff encountered the following barriers (both physical and

27    intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

28    goods, services, privileges and accommodations offered at the Facility:

*Sellers v. Western Dental Services, Inc., et al.*
Complaint

1         a)      The entrance door was heavy and hard for Plaintiff to open, making it

2                     difficult for him to maneuver his wheelchair through as he tried to hold

3                     the door open.

4         b)      The reception desk was too high for Plaintiff to see over, which made it

5                     hard for him to communicate with the staff.

6         c)      Plaintiff was not able to find a clear space in the waiting area where he

7                     could sit in his wheelchair without blocking the paths of travel.

8         d)      Plaintiff had difficulty opening the restroom door since it was heavy.

9         e)      The exam chair lacked a clear space next to it which made it hard for

10                    Plaintiff to approach the chair in his wheelchair, and there was no slide

11                    board or lift to enable Plaintiff to transfer to the chair. As a result,

12                    Plaintiff was unable to get treatment. Because this is the only dental

13                    office his insurance company approved him to visit, he has been unable

14                    to have dental treatment since his visit.

15        11.      The barriers identified in paragraph 10 herein are only those that Plaintiff

16  personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist

17  at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once

18  such additional barriers are identified as it is Plaintiff's intention to have all barriers which

19  exist at the Facility and relate to his disabilities removed to afford him full and equal access.

20        12.      Plaintiff was, and continues to be, deterred from visiting the Facility because

21  Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

22  accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

23  Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

24  once the barriers are removed.

25        13.      Defendants knew, or should have known, that these elements and areas of the

26  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

27  the physically disabled. Moreover, Defendants have the financial resources to remove these

28  barriers from the Facility (without much difficulty or expense), and make the Facility

*Sellers v. Western Dental Services, Inc., et al.*
Complaint

1   accessible to the physically disabled. To date, however, Defendants refuse to either remove

2   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

3         14.    At all relevant times, Defendants have possessed and enjoyed sufficient control

4   and authority to modify the Facility to remove impediments to wheelchair access and to

5   comply with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for

6   Accessible Design. Defendants have not removed such impediments and have not modified the

7   Facility to conform to accessibility standards. Defendants have intentionally maintained the

8   Facility in its current condition and have intentionally refrained from altering the Facility so

9   that it complies with the accessibility standards.

10        15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is

11  so obvious as to establish Defendants' discriminatory intent. On information and belief,

12  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

13  to relevant building standards; disregard for the building plans and permits issued for the

14  Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the

15  Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

16  property continues to exist in its non-compliant state. Plaintiff further alleges, on information

17  and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

18  Facility are not isolated or temporary interruptions in access due to maintenance or repairs.

19                            **VI.    FIRST CLAIM**

20                    **Americans with Disabilities Act of 1990**

21                    Denial of "Full and Equal" Enjoyment and Use

22        16.    Plaintiff re-pleads and incorporates by reference the allegations contained in

23  each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

24        17.    Title III of the ADA holds as a "general rule" that no individual shall be

25  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

26  goods, services, facilities, privileges, and accommodations offered by any person who owns,

27  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

28  //

*Sellers v. Western Dental Services, Inc., et al.*
Complaint

1       18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

2  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

3  Facility during each visit and each incident of deterrence.

4                  Failure to Remove Architectural Barriers in an Existing Facility

5       19.     The ADA specifically prohibits failing to remove architectural barriers, which

6  are structural in nature, in existing facilities where such removal is readily achievable. 42

7  U.S.C. § 12182(b)(2)(A)(iv).

8       20.     When an entity can demonstrate that removal of a barrier is not readily

9  achievable, a failure to make goods, services, facilities, or accommodations available through

10  alternative methods is also specifically prohibited if these methods are readily achievable. Id.

11  § 12182(b)(2)(A)(v).

12       21.     Here, Plaintiff alleges that Defendants can easily remove the architectural

13  barriers at the Facility without much difficulty or expense, and that Defendants violated the

14  ADA by failing to remove those barriers, when it was readily achievable to do so.

15       22.     In the alternative, if it was not "readily achievable" for Defendants to remove

16  the Facility's barriers, then Defendants violated the ADA by failing to make the required

17  services available through alternative methods, which are readily achievable.

18                  Failure to Design and Construct an Accessible Facility

19       23.     Plaintiff alleges on information and belief that the Facility was designed and

20  constructed (or both) after January 26, 1993 – independently triggering access requirements

21  under Title III of the ADA.

22       24.     The ADA also prohibits designing and constructing facilities for first occupancy

23  after January 26, 1993, that aren't readily accessible to, and usable by, individuals with

24  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25  //

26  //

27  //

28  //

*Sellers v. Western Dental Services, Inc., et al.*
Complaint

1
2
3

25.     Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

4

### Failure to Make an Altered Facility Accessible

5
6

26.     Plaintiff alleges on information and belief that the Facility was modified after January 26, 1993, independently triggering access requirements under the ADA.

7
8
9
10
11

27.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

12
13
14

28.     Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

15

### Failure to Modify Existing Policies and Procedures

16
17
18
19

29.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

20
21
22
23

30.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

24

### Failure to Maintain Accessible Features

25
26

31.     Defendants additionally violated the ADA by failing to maintain in operable working condition those features of the Facility that are required to be readily accessible to and

27
28

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Sellers v. Western Dental Services, Inc., et al.*
Complaint

1   usable by persons with disabilities.

2   32.     Such failure by Defendants to maintain the Facility in an accessible condition

3   was not an isolated or temporary interruption in service or access due to maintenance or

4   repairs.

5   33.     Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

6   fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

7                                  **VII.    SECOND CLAIM**

8                                        **Unruh Act**

9   34.     Plaintiff re-pleads and incorporates by reference the allegations contained in

10   each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

11   35.     California Civil Code § 51 states, in part, that: All persons within the

12   jurisdiction of this state are entitled to the full and equal accommodations, advantages,

13   facilities, privileges, or services in all business establishments of every kind whatsoever.

14   36.     California Civil Code § 51.5 also states, in part that: No business establishment

15   of any kind whatsoever shall discriminate against any person in this state because of the

16   disability of the person.

17   37.     California Civil Code § 51(f) specifically incorporates (by reference) an

18   individual's rights under the ADA into the Unruh Act.

19   38.     Defendants' aforementioned acts and omissions denied the physically disabled

20   public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges

21   and services in a business establishment (because of their physical disability).

22   39.     These acts and omissions (including the ones that violate the ADA) denied,

23   aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

24   40.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

25   minimum damages of $4,000 for each offense.

26   41.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

27   ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

28   § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

42.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

43.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

44.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

45.     Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

46.     Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

3.     Attorneys' fees, litigation expenses, and costs of suit.[2]

4.     Interest at the legal rate from the date of the filing of this action.

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Sellers v. Western Dental Services, Inc., et al.*
Complaint

1

      5.     For such other and further relief as the Court deems proper.

2

Dated: 12/18/2019                         MOORE LAW FIRM, P.C.

3

4
                                   */s/ Tanya E. Moore*

5
                                   Tanya E. Moore
                                   Attorney for Plaintiff

6
                                   Raymon Sellers

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Sellers v. Western Dental Services, Inc., et al.*
Complaint

1

## **VERIFICATION**

2

3

        I, RAYMON SELLERS, am the plaintiff in the above-entitled action. I have read the

4

foregoing Complaint and know the contents thereof. The same is true of my own knowledge,

5

except as to those matters which are therein alleged on information and belief, and as to those

6

matters, I believe them to be true.

7

        I verify under penalty of perjury that the foregoing is true and correct.

8

9

10

Dated:____12/18/2019_____            _____*/s/ Raymon Sellers*_____

11                                               Raymon Sellers

12

13      I attest that the original signature of the person whose electronic signature is shown
above is maintained by me, and that his concurrence in the filing of this document and

14   attribution of his signature was obtained.

15                                            ____*/s/ Tanya E. Moore*_____

16                                            Tanya E. Moore
                                              Attorney for Plaintiff,

17                                            RAYMON SELLERS

18

19

20

21

22

23

24

25

26

27

28

*Sellers v. Western Dental Services, Inc., et al.*
Complaint